CRÍSPULO OLIVERAS-MERCADO, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. 690. Submitted November 7, 1927.—Decided December 6, 1927.

*F. Otero Rivera* for the appellant. The registrar did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

There was presented for record in the registry of property of San Germán a public deed executed by the mayor of

Yauco to Críspulo Oliveras Mercado individually and in representation of Blas, Fundador, Micaela, Ramón, Angelina and Carmen Oliveras Mercado and Justa Beatriz Orca Mercado. Copied into the document is an ordinance of the municipality of Yauco granting to Críspulo Oliveras Mercado and the other persons represented by him in the deed the usufruct of a lot belonging to the municipality subject to certain conditions, and the usufruct is conveyed to them by the mayor. It is therein set forth by Críspulo Oliveras Mercado for himself and in representation of his principals that they are the owners each of one-eighth of the house built on the said lot and that they own that eighth *pro indiviso* as a donation made to them by Ambrosio Oliveras Delgado and Juana Ramona Mercado.

The registrar recorded the grant of the use and enjoyment of the lot in favor of all of the donees, but refused to record the house because it did not appear to have been recorded in favor of the donors or any other person, citing section 20 of the Mortgage Law, and because Críspulo Oliveras Mercado can not acquire property in the names of the other interested parties for want of the proper power duly authorizing him, entering a cautionary notice of said refusal with the curable defect of failure to show the civil status of the donees when the gift of the house was made and of failure to comply with the legal formalities on the part of all of the donees except Críspulo Oliveras Mercado. This administrative appeal has been taken by Críspulo Oliveras Mercado from that decision.

We held in *Martín* v. *Registrar*, 22 P.R.R. 139, that a building constructed by a person on his own land belongs to the owner of the land and its record is not necessary under the rule that the accessory follows the principal; but that when a building is erected on another's land both the land and the building are principal things for the purposes of the Mortgage Law and require separate records in favor of each

owner. We have held also that the fact that the owner of the land agrees to the construction of the building does not make it an accessory thing or destroy the provision of article 20 of the Mortgage Law which requires a prior record of the title of the grantor in order that it may be recorded in the name of the grantee. That doctrine applies to the present case because the land belongs to the municipality of Yauco and the building to another person; and as the appellant has stated for himself and in behalf of the other parties that they had acquired the house as a gift from Ambrosio Oliveras and Juana Ramona Mercado, it is a necessary requisite for the record in favor of the donees that the building should be recorded first in favor of the donors, in compliance with the statute cited.

As one of the grounds of the registrar for refusing to make the record has been considered sufficient, it becomes unnecessary to consider the others. *Vidal* v. *Registrar,* 12 P. R.R. 152.

For the foregoing reason the refusal of the registrar to make the record must be affirmed.